[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13337
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00054-TCB

CHRISTOPHER BYRANT WHITE,

Plaintiff-Appellant,

versus

CITY OF LAGRANGE, GA, LOUIS M. DEKMAR, in his official and individual
capacity as Chief of Police for the City of LaGrange, Georgia, K-9 UNIT,
OFFICER J. CLOWER, individually and in his official and individual capacity,
JOHN DOE, in his official and individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 5, 2013)

Before HULL, MARCUS, and COX, Circuit Judges.

PER CURIAM:

Christopher White challenges on this appeal the district court's order granting the Defendants summary judgment. The district court correctly held that White abandoned all claims in his response to the Defendants' summary judgment motion except for his claim against Officer Clower in his individual capacity. (Dkt. 24 at 5–6.) Although White appeals against all Defendants, he presents no argument that the City of LaGrange is liable. White argues only that the district court erred in granting summary judgment in favor of Clower individually on White's 42 U.S.C. § 1983 claim that Clower used excessive force in arresting him.

The district court held that Clower was entitled to qualified immunity because Clower did not violate a clearly established right. White contends that the facts asserted in his affidavit show that Clower violated a clearly established constitutional right. After careful review, we conclude that the district court correctly held that no reasonable jury could believe White's affidavit. (Dkt. 24 at 4 n.1.) *See Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment.").

AFFIRMED.